**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TRAVIS NAJA,**

                    **Plaintiff,**                    **No. 07-cv-465
(GLS-DRH)**

                  **v.**

**THE CITY OF SARATOGA SPRINGS,
and PAUL M. VEITCH, individually and
his official capacity as a Police Officer
of the City of Saratoga Springs,**

                    **Defendants.**
_____

**APPEARANCES:**

**FOR PLAINTIFF:**

OFFICE OF GERARD V. AMEDIO      GERARD V. AMEDIO, ESQ.
432 Broadway, Suite 10
Saratoga Springs, NY 12866

**FOR DEFENDANTS:**

MURPHY, BURNS LAW FIRM      THOMAS K. MURPHY, ESQ.
226 Great Oaks Boulevard
Albany, NY 12203

OFFICE OF JAMES B. TUTTLE      JAMES B. TUTTLE, ESQ.
10 Century Hill Drive, Suite 4
Latham, NY 12110

**Gary L. Sharpe
U.S. District Judge**

## **DECISION AND ORDER**

Following his arrest, plaintiff Travis Naja ("Naja) brought suit against several defendants claiming, among other things, a failure to train and supervise against defendant the City of Saratoga Springs (the "City"), pursuant to 42 U.S.C. § 1983. The City has now filed a motion to dismiss, or in the alternative, for summary judgment. Following review of the City's brief in support thereof, Naja's response, and the record on the matter, the court grants the City's motion.

## **BACKGROUND**

The following relevant facts are undisputed. On April 2, 2005, at a traffic stop, Naja was arrested for operating a motor vehicle with an expired registration, possessing marijuana, and possessing a firearm. (*See* Dkt. No. 14-4, Defendant's Ex. A generally; *see also* Dkt. No. 14-3, Affidavit of Thomas K. Murphy at 5.) All the charges against Naja were later dismissed. (*See* Dkt. No. 14-3, Affidavit of Thomas K. Murphy at 5.) Naja brought this civil rights action against defendants claiming false arrest, malicious prosecution, unlawful search and seizure, unlawful imprisonment, and excessive force. In addition, Naja brought two claims of municipal liability against the City (Counts VI and VII) for failure to train and failure to

2

supervise. Specifically, Naja contends that on the night in question he should not have been arrested. He contends he should have been given only "a traffic summons" and released, but the City's failure to train the arresting officer and properly supervise him resulted in Naja's false arrest. (*See* Dkt. No. 15, Affidavit at ¶ 11-13 and Statement of Material Facts at ¶ 2.) The City has responded with a motion seeking dismissal or summary judgment on Naja's claims of municipal liability. For the following reasons, the court grants the City's motion.

## DISCUSSION

Under Rule 12(b)(6), the court "must accept as true all of the factual allegations set out in a plaintiff's complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally." *Roth v. Jennings,* 489 F.3d 499, 510 (2d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin

3

to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.*

Under Rule 56(c), a motion for summary judgment is granted if "there is no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

"A municipality may be sued under 42 U.S.C. § 1983 for the constitutional violations of its employees occurring pursuant to an official policy or custom." *Ramos v. City of New York,* 298 Fed.Appx. 84, 86 (2d Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)). "Municipal liability may be premised on a failure to train employees when the inadequate training or supervision 'reflects deliberate indifference to . . . constitutional rights.'" *Id.* (citing *City of Canton v. Harris,* 489 U.S. 378, 392 (1989)).

"Specifically, *Monell's* policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions." *Reynolds v. Giuliani,* 506 F.3d 183, 192 (2d Cir. 2007) (citations omitted). "In *City of Canton,* the Supreme Court held a city's failure to train its subordinates satisfies the

4

policy or custom requirement only where the need to act is so obvious, and the inadequacy of current practices so likely to result in a deprivation of federal rights, that the municipality or official can be found deliberately indifferent to the need." *Id.* (citing *City of Canton v. Harris,* 489 U.S. 378, 390 (1989)).

"'Deliberate indifference' involves the conscious disregard of the risk that poorly-trained employees will cause deprivations of clearly established constitutional rights." *Wray v. City of New York,* 490 F.3d 189, 196 (2d Cir. 2007) (citation omitted). "'[A] training program must be quite deficient in order for the deliberate indifference standard to be met: the fact that training is imperfect or not in the precise form a plaintiff would prefer is insufficient to make such a showing.'" *Reynolds,* 506 F.3d at 193 (quoting *Young v. City of Providence ex rel. Napolitano,* 404 F.3d 4, 27 (1st Cir. 2005)). "A training program is not inadequate merely because a few of its graduates deviate from what they were taught." *Jenkins v. City of New York,* 478 F.3d 76, 95 (2d Cir. 2007). "[W]here [] a city has a training program, a plaintiff must– in addition– identify a specific deficiency in the city's training program and establish that [the] deficiency is closely related to the ultimate injury, such that it actually caused the constitutional

5

deprivation." *Wray,* 490 F.3d at 196 (internal quotations and citations omitted).

As to a plaintiff's claims of failure to supervise, the plaintiff must "(1) establish state defendants' duty to act by proving they should have known their inadequate supervision was so likely to result in the alleged deprivations so as to constitute deliberate indifference . . .; (2) identify obvious and severe deficiencies in the state defendants' supervision that reflect a purposeful rather than negligent course of action; and (3) show a causal relationship between the failure to supervise and the alleged deprivations to plaintiffs." *Reynolds,* 506 F.3d at 193.

With these precepts in mind, the court determines that Naja has failed to establish the necessary elements to prove municipal liability. In his two-page brief, Naja asserts the City's "failure to train and supervise was so inadequate and negligent, that it was a direct cause of deprivation of Plaintiff's Constitutional rights." However, Naja does not indicate with specificity the alleged inadequacies in the City's training program and its supervision to establish a claim for failure to train and supervise. Naja attempts to provide specific examples when he states:

> General Order 50.20 of the Saratoga Springs Police

6

> Department, 'Field Interviews & Pat Down Searches,' [] only explains briefly when an Officer can conduct a 'Pat-Down' search.  If the Order was more specific and detailed, it would have provided information to [the arresting officer] that his search of . . . Naja was illegal.

Naja also indicates that:

> General Order 50.20 states that 'Officers may not place their hands in pockets unless they feel an object that could reasonably be a weapon, such as a firearm, knife, club or other dangerous instrument/weapon.'  Obviously a pill bottle could not be any of the items enumerated in [the] Order [], so either this section of the Order is not drafted or explained correctly to [the arresting officer], or he lacks the ability or common sense to understand the order.

However, none of these assertions by Naja establish specific evidence of obvious inadequacies in the City's training program or a causal relationship between the alleged inadequacies and the alleged violations.  Nor do they sufficiently allege a conscious disregard of the risk that poorly-trained employees will cause deprivation of clearly established constitutional rights.  In addition, these statements do not allege specific evidence of obvious and severe deficiencies in the state defendants' supervision that reflect a purposeful rather than negligent course of action.

Here, even if the arresting officer deviated from the directives of the City's General Oder 50.20, as Naja suggests, "[a] training program is not

7

inadequate merely because a few of its graduates deviate from what they were taught." *Jenkins,* 478 F.3d at 95. Furthermore, "[a] supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." *Poe v. Leonard,* 282 F.3d 123, 140 (2d Cir. 2002). Rather, "a supervisor may be found liable for his deliberate indifference to the rights of others by his failure to act on information indicating unconstitutional acts were occurring . . ." *Id.*

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the City's motion for summary judgment and/or to dismiss (Dkt. No. 14) is **GRANTED, thus, the claims against the city (Counts VI and VII) are dismissed;** and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: June 19, 2009

_____
United States District Court Judge

8